**In Re Melvin Raye SPEARS and Margaret Faye Spears, Debtors.**

**John L. Swartz, Trustee, Plaintiff,**

**v.**

**Margaret Faye Spears, Defendant.**

**Bankruptcy No. 02–73591.**

**Adversary No. 02–7266.**

United States Bankruptcy Court, C.D. Illinois.

March 25, 2003.

Carol J. Reid, Springfield, IL, for Debtors.

John L. Swartz, Springfield, IL, trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether the Defendant's discharge should be revoked pursuant to 11 U.S.C. § 727(d)(1) on the grounds that the discharge was obtained through the fraud of the Defendant.

The material facts are not in dispute. The Defendant, Margaret Spears, filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on August 26, 2002. The Plaintiff, John Swartz, is the duly appointed Chapter 7 Trustee of the Defendant's bankruptcy estate.

Pursuant to 11 U.S.C. § 521, the Defendant was obligated to file a list of creditors, a schedule of assets, a schedule of current income and current expenditures, and a statement of her financial affairs. The form of such disclosures is prescribed by Rule 1007(b) of the Federal Rules of Bankruptcy Procedure. Rule 1008 requires that all petitions, lists, schedules, statements, and amendments be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746. The Defendant signed a Declaration Concerning Debtor's Schedules on August 22, 2002, which declared "under penalty of perjury that I have read the foregoing summary and schedules... and that they are true and correct to the best of my knowledge, information, and belief."

In Schedule B—Personal Property, the Defendant (and her co-debtor husband) showed "cash on hand" in the amount of $380. They also listed $264 in a checking account at Marine Bank and $180 in a checking account at Union Planters Bank. No other funds were disclosed.

The meeting of creditors pursuant to 11 U.S.C. § 341 was held on September 23, 2002. The Defendant did not disclose any additional funds or accounts at this hearing or at any time in the period prior to the issuance of the discharge on November 27, 2002.

On December 2, 2002, the Plaintiff received a copy of an adversary complaint filed by Citibank against the Defendant. The adversary complaint revealed that the Defendant borrowed $15,000 from Citibank on May 23, 2002. The Trustee's investigation revealed that the Defendant had $10,000 or more of these funds in her possession and control at the time she filed her petition and thereafter. These funds were property of the bankruptcy estate, and the Defendant failed to disclose these funds as she was obligated to do by § 521 and Rule 1007(b).

In response to a request by the Plaintiff, the Defendant turned over the $10,000 to the Plaintiff on December 13, 2002.

The Defendant testified that she knew that she was filing documents in her bankruptcy case under penalty of perjury. She also understood that she was testifying under oath at the meeting of creditors. She admitted that she had the $10,000 on hand at the time of the bankruptcy filing and the meeting of creditors. (The $5,000 balance was gambled away.) The Defendant explained that she did not disclose the $10,000 because she did not want her husband to know about it. They were going through a particularly nasty divorce at the time because her husband of 22 years had run off with her sister. The divorce was final shortly after the filing of the bankruptcy petition. The Defendant stated that she wanted to pay Citibank and that she hoped that Citibank would get its money back.

The Plaintiff seeks to revoke the Defendant's discharge pursuant to 11 U.S.C. § 727(d)(1), which provides in pertinent part as follows:

(d) On request of the trustee..., and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

Thus, the Plaintiff must prove the following: (1) that the Defendant procured her discharge by fraud, and (2) that the Trustee was unaware of the Defendant's fraud prior to her discharge. The Plaintiff has the burden of proving each of these elements by a preponderance of the evidence. *In re Yonikus*, 974 F.2d 901, 904 (7th Cir.1992).

■ It is undisputed that the Plaintiff was unaware of facts which would have put him on notice of the possible fraud of the Defendant prior to her discharge. There was nothing in the Defendant's schedules or § 341 testimony which would have alerted the Trustee to the fact that the Defendant had $10,000 on hand which she was not disclosing. The Plaintiff first learned of the possibility that the Defendant had undisclosed funds on hand when he received a copy of Citibank's adversary complaint following the issuance of the discharge to the Defendant.

■ Under the first element, the Plaintiff must establish that the Defendant acted with a knowing intent to defraud. *In re Yonikus*, *supra*, 974 F.2d at 905. He must prove that she "committed fraud in fact which would have barred the discharge had the fraud been known." *In re Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991). Pursuant to 11 U.S.C. § 727(a)(2)(A), a discharge will be denied if the debtor, with intent to hinder, delay, or defraud a creditor or a trustee, concealed property of the debtor. A discharge will be denied under § 727(a)(4)(A) if the debt-

or knowingly and fraudulently made a false oath or account in connection with the case. The Seventh Circuit described the methods for establishing the fraud contemplated under § 727(d)(1) as follows:

The trustee may prove the debtor's fraud by evidence of the debtor's awareness of the omitted asset and by showing that the debtor knew that failure to list the asset could seriously mislead the trustee or that the debtor acted so recklessly in not reporting the asset that fraud is implied. The bankruptcy court's finding of fraudulent intent may be based on inferences drawn from a course of conduct. Additionally, fraudulent intent may also be inferred from all of the surrounding circumstances. Concealment of assets can be grounds for disallowance of exemptions, "to hold otherwise would be to reward debtors who conceal assets from the estate."

*In re Yonikus*, *supra*, 974 F.2d at 905–06, *quoting In re Magnuson*, 113 B.R. 555, 560 (Bankr.D.N.D.1989).

In this proceeding, the Debtor has admitted all the elements necessary to sustain the Plaintiff's § 727(d)(1) complaint. She knew that she was filing her bankruptcy schedules under penalty of perjury and that she was testifying under oath at the meeting of creditors. She knew that she had $10,000 on hand when she filed her bankruptcy petition and when she testified at the meeting of creditors. Nevertheless, she knowingly and fraudulently concealed the $10,000 left over from the money she borrowed from Citibank. The Defendant's explanation that she was trying to conceal the money from her husband does not excuse her fraudulent conduct.

■ The Defendant's attorney argued that the Defendant needed her discharge in bankruptcy in order to obtain a fresh

start. However, it is well settled that "[t]he purpose of a discharge in bankruptcy is to relieve an honest debtor from his financial burdens and to facilitate the debtor's unencumbered 'fresh start'." *In re Kasden,* 209 B.R. 239, 241 (8th Cir. BAP 1997). The Defendant in this proceeding has not been an "honest debtor". Therefore, she is not entitled to the fresh start that comes with the discharge in bankruptcy. As the Court noted in its comments at the end of the trial, the Bankruptcy Code is predicated on debtors being "fully forthcoming about their financial affairs." *In re Olmstead,* 220 B.R. 986, 998 (Bankr. D.N.D.1998). The bankruptcy process is subverted when debtors mislead the trustee, creditors, and the Court.

■ The Defendant's attorney proposed an equitable solution worthy of Solomon: require the Trustee to give the $10,000 that he is holding back to Citibank. While this may be an equitable resolution of this proceeding, it is not workable. As the Supreme Court has reminded us, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988). The Code provides for the *pro rata* distribution of property of the estate to unsecured creditors. 11 U.S.C. § 726. The Code does not allow the Trustee to prefer Citibank over the other unsecured creditors.

■ The Court notes that the Defendant did turn over to the Trustee the $10,000 after the Trustee discovered that she had the money. However, this does not mitigate her concealment and false oaths. *See Village of San Jose v. McWilliams,* 284 F.3d 785, 794 (7th Cir.2002).

For the foregoing reasons, the Plaintiff's Complaint to Revoke Discharge is allowed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.