RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16b0006p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

In re:  EARL BENARD BLASINGAME; MARGARET
GOOCH BLASINGAME,

*Debtors*.

_____

CHURCH JOINT VENTURE, L.P.; FARMERS &
MERCHANTS BANK.; EDWARD L. MONTEDONICO,
Chapter 7 Trustee,

*Plaintiffs-Appellees*,

*v*.

EARL BENARD BLASINGAME; MARGARET GOOCH
BLASINGAME

*Defendants-Appellants*.

Nos. 15-8008/8025

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee at Memphis.
No. 08-28289—Jennie D. Latta, Judge.

Argued:  March 1, 2016

Decided and Filed:  November 7, 2016

Before:  HARRISON, HUMPREY, and PRESTON, Bankruptcy Appellate Judges.

_____

## COUNSEL

**ARGUED:**  David J. Cocke, EVANS│PETREE, PC, Memphis, Tennessee, for Appellants.
Bruce W. Akerly, CANTEY HANGER LLP, Dallas, Texas, for Appellees. **ON BRIEF:** David
J. Cocke, EVANS│PETREE, PC, Memphis, Tennessee, Michael P. Courty, GLANKER
BROWN, PLLC, Memphis, Tennessee, for Appellants.  Bruce W. Akerly, CANTEY HANGER
LLP, Dallas, Texas, C. Barry Ward, BALLIN, BALLIN & FISHMAN, P.C., Memphis,
Tennessee, for Appellees.

---

## OPINION

---

C. KATHRYN PRESTON, Chief Bankruptcy Appellate Panel Judge. In these consolidated appeals, Earl Benard Blasingame ("Benard Blasingame") and Margaret Gooch Blasingame ("Margaret Blasingame") (together, "Debtors") appeal the order denying their discharges and the order striking certain documents from the record on appeal. For the reasons stated below, the Panel affirms the order denying Debtors' discharges, and affirms in part and reverses in part the order striking documents from the record.

### ISSUES ON APPEAL

Debtors raised the following issues on appeal:

1. Was the bankruptcy court's finding that Debtors concealed assets or transferred property with intent to hinder and delay a creditor or officer of the estate, as required to deny their discharges pursuant to § 727(a)(2)(A) and (B) of the Bankruptcy Code, clearly erroneous?

2. Was the bankruptcy court's finding that Debtors knowingly and fraudulently made false oaths for purposes of 11 U.S.C. § 727(a)(4) clearly erroneous?

3. Was the bankruptcy court's finding that Debtors did not reasonably rely on the advice of their bankruptcy counsel in connection with their bankruptcy filings clearly erroneous, not supported by the facts, and contrary to the law of the case?

4. Was the bankruptcy court's decision to strike certain documents in the record on appeal in BAP Case No. 15-8008 (specifically ECF Nos. 543, 556, 557 and 564 in the underlying bankruptcy case, and ECF Nos. 477, 508, 528, 535, 536 and 537 in the adversary proceeding) clearly erroneous and an abuse of discretion?

### JURISDICTION AND STANDARD OF REVIEW

Under 28 U.S.C. § 158(a)(1), this Panel has jurisdiction to hear appeals "from final judgments, orders, and decrees" issued by the bankruptcy court. For purposes of appeal, an

order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation and quotation marks omitted). "An order denying a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A) is a final order, *see, e.g.*, *Hamo v. Wilson* (*In re Hamo*), 233 B.R. 718, 720 (B.A.P. 6th Cir.1999), and final orders of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1)." *Pinnacle Tech. Res., Inc. v. Spencer* (*In re Spencer*), 2006 WL 3539295 at \*1, 359 B.R. 357 (B.A.P. 6th Cir. 2006) (table).

The Panel reviews a "bankruptcy court's factual findings for clear error and [its] conclusions of law de novo." *Adell v. John Richards Homes Bldg. Co.* (*In re John Richards Homes Bldg. Co.*), 439 F.3d 248, 254 (6th Cir. 2006) (citation omitted). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mathews* (*In re Mathews*), 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)).

## FACTS

After meeting with several attorneys, Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on August 15, 2008. Tommy L. Fullen ("Fullen") signed the petition as the attorney of record. The petition, schedules, and statement of financial affairs ("SoFA"), as initially filed, did not disclose Debtors' interests in several trusts and corporations, certain household goods, multiple annuities, property held for others, several bank accounts and several liabilities, and an assignment to Martin Grusin ("Grusin").[1]

---

[1]On August 8, 2008, Margaret Blasingame executed an engagement letter with Grusin, purportedly assigning Grusin her interest in $20,000 held by the McNairy County (Tennessee) Circuit Court as payment for representation in connection with *Church Joint Venture et al. v. Aqua Air Aviation*, and related issues arising therefrom. The engagement letter did not mention debt counseling or bankruptcy proceedings, although Grusin has conceded that he consulted with Fullen and advised Debtors on many issues in connection with the bankruptcy case. Grusin actively participated in the bankruptcy case ostensibly as attorney for Debtors' children, the trusts, and the corporations.

Prior to their testimony at the § 341 Meeting, Edward L. Montedonico, the Chapter 7 Trustee ("Trustee") required both of the Debtors to sign and submit an affidavit. (Required Statement By Debtor for 341 Hearing (collectively, "§ 341 Affidavits"), Sept. 24, 2008, Bankr. Case No. 08-28289 Pl. Exs. 118, 119). Debtors signed the § 341 Affidavits under oath. In the § 341 Affidavits, Debtors affirmed that they had read and signed their petition, schedules, statements, and related documents; that they were personally familiar with the information contained in the documents; and that, to the best of their knowledge, the information contained in the documents was true and correct. Additionally, during the § 341 Meeting, Debtors testified under oath that they had helped prepare, had read, and had signed their bankruptcy petition; that it listed all of their assets and liabilities; that the information contained in their schedules and SoFA was true; and that the statements in their § 341 Affidavits were true. (Certified Copy of Meeting of Creditors Record, Sept. 24, 2008, Bankr. Case No. 08-28289 ECF No. 463-1 Pl. Ex. 114). The SoFA and schedules were amended multiple times throughout the course of the bankruptcy case. Trustee and creditors Church Joint Venture and Farmers & Merchants Bank (together, "Church Joint Venture") conducted extensive discovery, including lengthy Rule 2004 examinations of Debtors and others. Debtors also received several extensions of time to file amendments. On September 29, 2009, Trustee and Church Joint Venture filed an adversary proceeding (Adv. No. 09-00482) seeking denial of Debtors' discharges pursuant to several Bankruptcy Code sections.[2]

Lengthy and contentious litigation ensued, which is detailed in other opinions, including an opinion from this Panel entered contemporaneously with this opinion.[3] In summary, the Trustee and Church Joint Venture filed a motion for partial summary judgment on the discharge issue which the bankruptcy court granted, but later set aside. Church Joint Venture filed motions for sanctions against Fullen and Grusin, which were granted and Grusin appealed. The bankruptcy court removed Fullen and Grusin as counsel for Debtors. Debtors then obtained new counsel and the bankruptcy court conducted a trial on the complaint objecting to Debtors' bankruptcy discharges. On January 15, 2015, the bankruptcy court entered its opinion and order denying Debtors' discharges pursuant to § 727(a)(2)(A) and (B) and § 727(a)(4) of the Bankruptcy Code.

---

[2]The adversary proceeding also sought other relief not relevant to this opinion.

[3]*Church Joint Venture v. Blasingame* (*In re Blasingame*), 14-8046 (B.A.P. 6th Cir. Nov. 7, 2016).

Debtors timely filed this appeal asserting that the bankruptcy court erred in determining that they had fraudulent intent under § 727. Debtors assert that they fully disclosed everything to their attorneys and relied on the advice of counsel in completing their petition, schedules and SoFA. In connection with this appeal, Debtors filed the obligatory designation of record; Appellees moved to strike certain documents included in the designation. The bankruptcy court granted the motion in part. Debtors filed an additional appeal, challenging the bankruptcy court's order sustaining Appellees' objection to certain documents listed in the designation of record. The appeal from that order has been consolidated with the appeal on the merits of the denial of discharge. This opinion shall address both appeals.

## DISCUSSION

I. Denial of Debtors' Discharges (BAP Case No. 15-8008)

Section 727(a)(4) provides that:

> (a) The court shall grant the debtor a discharge, unless--
>
> . . .
> (4) the debtor knowingly and fraudulently, in or in connection with the case--
>     (A) made a false oath or account[.]

11 U.S.C. § 727(a)(4). For a court to deny a debtor's discharge under § 727(a)(4), the plaintiff must prove that: "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case." *Montedonico v. Beckham* (*In re Beckham*), 2009 WL 1726526 at *8, 421 B.R. 602 (B.A.P. 6th Cir. 2009) (table) (quoting *Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 685 (6th Cir. 2000)). It is well established that "[a] debtor has an affirmative duty to disclose all of its assets to the bankruptcy court." *Id.* at *9 (quoting *Browning v. Levy,* 283 F.3d 761, 775 (6th Cir. 2002)).

> Statements made in bankruptcy schedules, the statement of financial affairs, the 341 meeting of creditors, and testimony given at Rule 2004 exams are made under oath. *See, e.g., Hamo v. Wilson (In re Hamo),* 233 B.R. 718, 725 (B.A.P. 6th Cir.1999). Statements are material if they concern the discovery of assets or the existence and disposition of a debtor's property. *In re Keeney,* 227 F.3d at 686 (citation omitted). The debtor had knowledge of the statement if "the debtor

knew the truth, but nonetheless failed to give the information or gave contradictory information." *In re Hamo,* 233 B.R. at 725 (quotation marks and citation omitted). "[A] knowingly false statement or omission made by the Debtor with reckless indifference to the truth will suffice as grounds for the denial of a Chapter 7 general discharge." *Id.*

*Beckham*, 2009 WL 1726526 at *9.

In the case on appeal, the bankruptcy court found that:

The evidence of the Plaintiffs overwhelmingly demonstrates that the Defendants repeatedly gave false oaths in connection with their bankruptcy case. Their Schedules and SoFA made under oath were fraught with omissions and misstatements. In addition, they gave false oaths at their meeting of creditors.

(Mem. Op. at 41, Jan. 15, 2015, Adv. No. 09-00482 ECF No. 598). On appeal, Debtors challenge the bankruptcy court's conclusion:

While the Debtors concede that the initial Schedules and SoFA contained omissions regarding several material matters, they contend that they always acted in good faith, and without fraudulent intent, to provide the information that their lawyers requested prior to their initial filing and throughout the case in order for their lawyers to prepare appropriate documents to be submitted to the Court. They further contend that they reasonably relied upon counsel to include that information appropriately on their Schedules and SoFA; that they reasonably relied on their counsel to prepare and file appropriate amendments; and that at no time did they have actual fraudulent intent to deceive which would warrant a denial of their discharge.

(Appellants' Br. at 22, BAP Case No. 15-8008 ECF No. 26).

Debtors made sworn statements at the § 341 Meeting and in the § 341 Affidavits that they had read and were personally familiar with the contents of the petition, schedules, and SoFA. Despite these sworn statements, Debtors repeatedly asserted, both at trial and on appeal, that they never reviewed the completed petition, schedules, and SoFA and that they bear no responsibility for any errors or omissions. At trial, Margaret Blasingame testified "We didn't read our schedules enough. We didn't understand them and a big mistake." Then when asked "Not that you didn't read them enough, you didn't read them?" She answered "Correct." Margaret Blasingame conceded that she knew she signed the documents under oath. (Tr. of July 17, 2014 Proceedings at 1541:25-1542:13, Adv. No. 09-00482 ECF No. 549). Likewise, Benard

Blasingame testified "We did not read the petition prior to filing." (Tr. of Nov. 5, 2013 Proceedings at 233:2-3, Adv. No. 09-00482 ECF No. 445). He also stated that he understood that he had signed the documents under oath.

Based on their own testimony, Debtors gave false oaths in connection with this bankruptcy when they signed the § 341 Affidavits and testified at their § 341 Meeting that they had read the documents and were personally familiar with the contents of the documents. The bankruptcy court found Debtors' trial testimony to be credible on this point and correctly held: "These false oaths alone would provide cause to deny their discharge." (Mem. Op. at 47).

Debtors cannot claim that they relied upon the advice of counsel with regard to the false oaths they made in the § 341 Affidavits and at the § 341 Meeting that they had read and signed their petition, schedules, and SoFA, and disclosed all of their assets and liabilities. Certainly, there is no indication in the record that either Fullen or Grusin told Debtors to testify that they had read the documents before signing them if they had not. Even if Debtors tried to claim such advice, reliance upon it would not be reasonable. The importance of having read and being familiar with the information in the petition, schedules, and SoFA should have been abundantly clear to Debtors given that they were asked to sign a written document acknowledging that they had done so and testified in person under oath to that effect. Moreover, both Debtors testified at trial that they understood that they had signed the petition, schedules and SoFA under oath. There is no reason to determine that Debtors did not have the same understanding with regard to the § 341 Affidavits.

During oral argument, Debtors' attorney attempted to explain the inconsistency between their oaths at the § 341 Meeting and their trial testimony. He argued that it is possible that Debtors did not understand what documents the § 341 Affidavits referenced. However, the § 341 Affidavits specifically listed the petition, schedules, statements and related documents filed in the bankruptcy case. Debtors' attorney also argued that Debtors should be absolved from their responsibility to be truthful in their § 341 Affidavits because Fullen did not tell Debtors how important it was. Debtors' attorney even went so far as to state that Fullen should have stopped Debtors from signing the § 341 Affidavits. But Fullen signed the § 341 Affidavits stating that he had reviewed that document with his clients. And the record is devoid of any evidence that he

did not review the affidavits with the Debtors, or that Debtors did not understand the seriousness of the § 341 Affidavits.

The Panel finds Debtors' argument without merit. The § 341 Affidavits are written in plain English. Debtors should not need an attorney to tell them how important it is to be truthful when signing an affidavit which states that it is given under penalty of perjury.

> A debtor has "a paramount duty to carefully consider all questions included in the Schedules and Statement [of Financial Affairs] and see that each is answered accurately and completely." *In re Colvin,* 288 B.R. at 480 (quoting *Casey v. Kasal (In re Kasal),* 217 B.R. 727, 734 (Bankr. E.D. Pa. 1998), *aff'd,* 223 B.R. 879 (E.D. Pa. 1998)). "The burden is on the debtors to complete their schedules accurately." *Rion v. Spivey (In re Springer),* 127 B.R. 702, 707 (Bankr. M.D. Fla. 1991). "A debtor is assumed to have read his bankruptcy petition and schedules before signing them under pains and penalties of perjury, and he is responsible for their contents." *Carpenter v. Fanaras (In re Fanaras),* 263 B.R. 655, 667 (Bankr. D. Mass. 2001). **A "debtor's failure to read the schedules before signing them indicates a complete disregard for the duty of honesty imposed by the Bankruptcy Code."** *In re Lundy,* 216 B.R. 609, 611 (Bankr. E.D. Mich. 1998). "A debtor cannot, merely by playing ostrich and burying his head deeply enough in the sand, disclaim all responsibility for statements which he has made under oath." *Boroff v. Tully (In re Tully),* 818 F.2d 106, 111 (1st Cir. 1987). *See also Mosley v. Sims (In re Sims),* 148 B.R. 553, 557 (Bankr. E.D. Ark. 1992) (**Debtor's assertion that he merely glanced over the petition constituted proof of a "cavalier and reckless disregard for truth which is inconsistent with the relief to be afforded the honest debtor."**).

*In re Rice*, 452 B.R. 623, 626 (Bankr. E.D. Mich. 2011) (alterations in original) (emphasis added), *aff'd*, 478 B.R. 275 (E.D. Mich. 2012).

Debtors bear responsibility for the accuracy of their own petitions, schedules and SoFA. Debtors gave false oaths at the § 341 Meeting when they testified that they had read and were personally familiar with the contents of the documents. Debtors signed the § 341 Affidavits, which plainly stated that they had read and were personally familiar with the contents of their petition and schedules. But then, they testified to the contrary at the trial. Both admitted at trial that they never fully read the documents and they were not aware of the contents. Thus, Debtors' sworn statements in the § 341 Affidavits and at the § 341 Meeting that they had read and were personally familiar with the documents were false. The petition and schedules were material documents to Debtors' bankruptcy, and the record supports the conclusion that Debtors'

§ 341 testimony and § 341 Affidavits were made knowing those statements were false and with fraudulent intent.

Moreover, these false oaths cannot be blamed on reliance on the advice of counsel. Debtors cannot avoid the consequences of their false oaths.

> The bankruptcy system is intended to grant a discharge to the "honest but unfortunate debtor," *Grogan v. Garner*, 498 U.S. 279, 287, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991) (internal quotation omitted), and depends on debtors being "fully forthcoming about their financial affairs." *Swartz v. Spears* (*In re Spears*), 291 B.R. 825, 829 (Bankr. C.D. Ill. 2003) (internal quotation omitted). A discharge will be denied to "a debtor who was less than honest." *Village of San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir. 2002); see also *Peterson v. Scott* (*In re Scott*), 172 F.3d 959, 968 (7th Cir. 1999) (noting that "complete financial disclosure is a condition precedent to the privilege of discharge") (internal quotations omitted).

*Jeffrey M. Goldberg & Assocs., Ltd. v. Holstein* (*In re Holstein*), 299 B.R. 211, 226 (Bankr. N.D. Ill. 2003), *aff'd*, 2004 WL 2075442 (N.D. Ill. Aug. 31, 2004).

The Panel need not address Debtors' argument that the bankruptcy court's findings in the sanctions orders and order denying the motion to compromise the malpractice action regarding Fullen and Grusin's competence is the law of the case which somehow absolves Debtors from their responsibility to be truthful. As previously stated, there is no evidence that either Fullen or Grusin encouraged Debtors to lie in their § 341 Affidavits or at the § 341 Meeting. And even if they had done so, Debtors should know that is not advice upon which they could reasonably rely.

Because the Panel affirms the bankruptcy court's conclusion that Debtors' discharges should be denied pursuant to § 727(a)(4), it declines to address whether the omissions on the petition and schedules would also require denial of Debtors' discharges pursuant to § 727(a)(2)(A) and (B). *See Kane v. Stewart Tilghman Fox & Bianchi*, P.A. (*In re Kane*), 755 F.3d 1285, 1297 (11th Cir.), *cert. denied*, 135 S. Ct. 718, 190 L. Ed. 2d 441 (2014) (holding that court need not address an alternate holding that a debtor's discharge would also be barred under a different section of § 727). *See also Protos v. Silver* (*In re Protos*), 322 F. App'x 930, 932-33 (11th Cir. 2009); *In re Krehl*, 86 F.3d 737, 744 (7th Cir. 1996); *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 250 (4th Cir. 1994); *First Tex. Sav. Ass'n, Inc. v. Reed* (*In re Reed*), 700 F.2d 986, 989 (5th Cir. 1983).

II.  Designation of Record (BAP Case No. 15-8025)

Debtors also appeal the bankruptcy court's order granting Appellees' motion to strike certain documents from the designation of record filed in BAP Case 15-8008.  Debtors argue that the sanctions orders against Grusin and Fullen and  related documents, such as motions and briefs filed by the parties (Adv. No. 09-0482 ECF Nos. 477, 508, 528, 535, 536, 537), as well as the order denying the motion to compromise the malpractice action and related documents (Bankr. Case No. 08-28289 ECF Nos. 543, 556, 557, 564) contain important factual findings and conclusions of law related to their advice of counsel defense.  The bankruptcy court granted Appellees' motion to strike all of these documents from the record, holding that the court did not consider those orders and related documents when making its decision on the discharge issue.

Debtors argue these documents should be included in the record on appeal pursuant to Bankruptcy Rule 8009 which provides, in part:  "The record on appeal must include . . . any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings[.]"  Fed. R. Bankr. P. 8009(a)(4).

> The general rule for designation of the record is that only items considered by the bankruptcy court in reaching a decision should be included.  *In re Ames Department Stores, Inc.*, 320 B.R. at 521 (quoting *Metro North State Bank v. The Barrick Grp., Inc.* (*In re Barrick Grp., Inc.*), 100 B.R. 152, 154 (Bankr. D. Conn.1989)) (other citations omitted).  As noted in the *Purvi Petroleum* decision, there is a recognized exception to this rule.  *In re Purvi Petroleum III, LLC*, 2012 WL 360047 at *2.  Courts have allowed the inclusion of other pleadings in a case even though they were not made exhibits and were not considered by the court if the pleading to be added is **closely related** to the matter at issue.  *Food Distribution Ctr. v. Food Fair, Inc.*, (*In re Food Fair, Inc.*), 15 B.R. 569, 572 (Bankr. S.D.N.Y. 1981) (finding record may be supplemented with materials from other adversary proceedings arising from the same bankruptcy case closely related to the appeal); *Saco Local Development Corp. v. Armstrong Business Credit Corp.* (*In re Saco Local Development Corp.*), 13 B.R. 226, 230 (Bankr. D. Me. 1981).

*In re McKenzie*, No. 08-16378, 2013 WL 5309008, at *4 (Bankr. E.D. Tenn. Sept. 19, 2013) (emphasis in original).

The Panel agrees with Debtors that some of the documents should not have been stricken. The sanctions orders and the order denying the motion to compromise are opinions that closely

relate to the issues presented in this appeal. Although the bankruptcy court did not consider those documents in reaching its decision, they contain findings of fact and legal conclusions regarding the actions of Debtors' former counsel in this case. Debtors assert that those findings and conclusions relate directly to Debtors' advice of counsel defense, which formed a large part of Debtors' argument on appeal. It is appropriate to include these orders in the record even though they were not considered by the bankruptcy court. The same cannot be said about the related documents (Adv. No. 09-0482 ECF Nos. 477, 508, 535, 536 and Bankr. Case No. 08-28289 ECF Nos. 543, 556, 557). Those documents were filed by the parties; do not contain findings of fact or legal conclusions of the court, and thus are not appropriately included in the record for this appeal. On this point, the bankruptcy court did not err. When considering motions to strike designated items for the record on appeal, bankruptcy courts should be mindful that they should only strike documents that were not filed in the case, have no bearing on the appeal, or contain evidence which was not admitted at trial. When in doubt, it is better to err on the side of caution, include the items, and allow the appellate court to determine the relevance of the designated items. *See Saco Local Dev. Corp.*, 13 B.R. at 229.

In the present appeal, the Panel has reviewed the inappropriately stricken documents and has determined that they have no relevance to the issues that the Panel finds determinative. None of the stricken documents persuade the Panel that Debtors relied on the advice of their counsel in making false oaths at their § 341 Meeting and in their § 341 Affidavits regarding whether they had read and signed their petition, schedules, and SoFA, or in stating that they were familiar with those documents.

## CONCLUSION

For the reasons stated, the bankruptcy court's order denying Debtors' discharges pursuant to § 727(a)(4) for making false oaths is AFFIRMED. The bankruptcy court's order striking certain documents from the record on appeal is REVERSED as to the Order Granting Motion for Sanctions (Adv. No. 09-00482 ECF No. 528), the Order Setting Amounts of Additional Sanctions (Adv. No. 09-00482 ECF No. 537), the Order Denying Motion to Approve Compromise and Settlement (Bankr. Case 08-28289 ECF No. 564) and AFFIRMED as to the Motion For Sanctions Against Tommy L. Fullen and Martin A. Grusin (Adv. No. 09-00482 ECF

No. 477), the Supplemental Response in Opposition to Motion For Sanctions Against Tommy L. Fullen and Martin A. Grusin (Adv. No. 09-00482 ECF No. 508), the Amendment to Second Verified Supplement to Motions for Sanction Against Tommy L. Fullen and Martin A. Grusin (Adv. No. 09-00482 ECF No. 535), the Second Amendment to Second Verified Supplement to Motions for Sanction Against Tommy L. Fullen and Martin A. Grusin (Adv. No. 09-00482 ECF No. 536), the Motion to Approve Compromise and Settlement (Bankr. Case 08-28289 ECF No. 543), the Church Joint Venture and Farmers and Merchants Limited Post-hearing Memorandum Regarding Debtors' Motion to Approve Compromise and Settlement, the Motion to Compromise (Bankr. Case 08-28289 ECF No. 556), and the Trustee's Response to Creditor's Post-hearing Memorandum Regarding Motion to Approve Compromise and Settlement (Bankr. Case 08-28289 ECF No. 557).