RECOMMENDED FOR FULL-TEXT PUBLICATION
*File Name: 19b0003p.06*

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: EARL BENARD BLASINGAME; MARGARET GOOCH BLASINGAME,

                             *Debtors.*

_____

CHURCH JOINT VENTURE, L.P., on Behalf of Chapter 7 Trustee,

                          *Plaintiff-Appellant*,

      *v.*

EARL BENARD BLASINGAME; MARGARET GOOCH BLASINGAME; MARTIN A. GRUSIN; MAG MANAGEMENT CORPORATION, dba JG Law Firm; TOMMY L. FULLEN; LAW OFFICE OF TOMMY L. FULLEN,

                        *Defendants-Appellees.*

No. 18-8017

On Appeal from the United States Bankruptcy Court
for the Western District of Tennessee at Memphis.
No. 08-28289; Adv. No. 14-00429—Jennie D. Latta, Judge.

Argued: February 12, 2019

Decided and Filed: April 5, 2019

Before: OPPERMAN, PRICE SMITH, and WISE, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ARGUED:** Bruce W. Akerly, AKERLY LAW PLLC, Coppell, Texas, for Appellant. Michael P. Coury, GLANKLER BROWN, PLLC, Memphis, Tennessee, for Appellees. **ON BRIEF:** Bruce W. Akerly, AKERLY LAW PLLC, Coppell, Texas, for Appellant. Michael P. Coury, GLANKLER BROWN, PLLC, Memphis, Tennessee, for Appellees.

---

**OPINION**

---

DANIEL S. OPPERMAN, Chief Bankruptcy Appellate Panel Judge.   In this appeal, the Panel is asked to determine whether the bankruptcy court erred in holding that a malpractice action for denial of debtors' discharges based on errors and omissions contained in a bankruptcy petition, as well as pre and post-petition legal advice, was not property of the debtors' bankruptcy estate.   The Panel finds the reasoning of *Underhill v. Huntington National Bank* (*In re Underhill*), 579 F. App'x 480 (6th Cir. 2014), to be both persuasive and binding. Accordingly, we **AFFIRM**.

## ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court erred in its holding that the malpractice cause of action was not property of the bankruptcy estate.

## JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Western District of Tennessee has authorized appeals to the Panel, and no party has timely filed to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1).   A final order of the bankruptcy court may be appealed as of right. 28 U.S.C. § 158(a)(1). *Midland Asphalt Corp. v. U.S.*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (quotation marks and citation omitted).   The order before the Panel grants summary judgment to the Debtors and fully disposes of the adversary proceeding, making it a final order. *Geberegeorgis v. Gammarino* (*In re Geberegeorgis*), 310 B.R. 61, 63 (B.A.P. 6th Cir. 2004) ("[A]n order that concludes a particular adversarial matter within the larger case should be deemed final and reviewable in a bankruptcy setting.") (citations omitted)).

An order granting summary judgment is reviewed de novo. *Dymarkowski v. Savage* (*In re Hadley*), 561 B.R. 384, 388 (B.A.P. 6th Cir. 2016).   The determination whether a cause of action is property of the estate is a legal conclusion, reviewed de novo. *Underhill*, 579 F. App'x at 481-82.   "Under a de novo standard of review, the reviewing court decides an issue

independently of, and without deference to, the trial court's determination." *Matteson v. Bank of Am., N.A.* (*In re Matteson*), 535 B.R. 156, 159 (B.A.P. 6th Cir. 2015) (citations omitted).

## FACTS

Earl and Margaret Blasingame ("the Debtors") filed their chapter 7 bankruptcy petition on August 15, 2008. Martin Grusin provided legal advice to the debtors prior to the filing and at the beginning of the bankruptcy case. Tommy L. Fullen filed the petition and represented the Debtors in the chapter 7 case. (Grusin, Fullen and their law firms are collectively referred to as the "Malpractice Defendants").

On February 22, 2011, the bankruptcy court granted the Trustee's motion for summary judgment in an adversary proceeding seeking to deny the Debtors' discharge. *Montedonico v. Blasingame* (*In re Blasingame*), Adv. No. 09-00482 ECF No. 117 (Bankr. W.D. Tenn.). On July 19, 2011, the bankruptcy court issued an order disqualifying the Malpractice Defendants from further representation of the Debtors in that case. The Debtors hired new counsel, who was effective in getting relief from the summary judgment denying discharge. However, following a trial, on January 15, 2015, the bankruptcy court again entered an order denying the Debtors' discharge. The BAP affirmed the order on appeal.[1]

On January 30, 2012, the bankruptcy court granted Church Joint Venture ("CJV") derivative standing to pursue a malpractice action on behalf of the estate against the Malpractice Defendants. CJV filed its original complaint on February 13, 2012, and a First Amended Complaint on February 2, 2017. *Church Joint Venture, L.P. v. Grusin*, *et al.* (*In re Blasingame*), Adv. No. 12-00454 (Bankr. W.D. Tenn.). The Debtors also filed a malpractice complaint in Tennessee state court on February 21, 2017. Both complaints aver substantially similar actions by the Malpractice Defendants that allegedly resulted in the denial of the Debtors' discharges.

On December 2, 2014, CJV filed another adversary proceeding, seeking declaratory relief that the claims against the Malpractice Defendants constitute property of Debtors' estate; this is

---

[1]*In re Blasingame*, 559 B.R. 692 (B.A.P 6th Cir. 2016). *See also In re Blasingame*, 559 B.R. 676 (B.A.P 6th Cir. 2016) (detailing some of the allegations of malpractice in reviewing the bankruptcy court's order sanctioning the Malpractice Defendants).

the case from which this appeal arises. On January 2, 2018, CJV filed a motion for summary judgment seeking a determination that the malpractice cause of action arose pre-petition and was property of the bankruptcy estate. The Malpractice Defendants and Debtors each filed individual responses, to which CJV replied. The parties agreed that there were no genuine issues of material fact. The issue before the bankruptcy court was solely whether under the facts alleged, the malpractice cause of action arose pre-petition, and was thus property of the bankruptcy estates.

The bankruptcy court treated Debtors' response to CJV's motion for summary judgment as a cross-motion. The court reviewed Tennessee law to determine when the cause of action for legal malpractice accrued and held that the cause of action arose post-petition. (Order on Motion for Summary Judgment, Adv. P. 14-00429 ECF No. 94 (May 10, 2018) (the "Summary Judgment Order").) CJV timely appealed.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 7056, which incorporates Rule 56 of the Federal Rules of Civil Procedure, governs summary judgment in bankruptcy adversary proceedings. The Court of Appeals for the Sixth Circuit has described the standard to grant a motion for summary judgment as follows:

> A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Under this test, the moving party may discharge its burden by "pointing out to the [bankruptcy] court . . . that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Buckeye Ret. Co., LLC, v. Swegan* (*In re Swegan*), 383 B.R. 646, 652–53 (B.A.P. 6th Cir. 2008) (quoting *Gibson v. Gibson* (*In re Gibson*), 219 B.R. 195, 198 (6th Cir. BAP 1998) (internal citations omitted) (alterations in *Gibson*)).

In the present case, CJV moved for summary judgment, asserting that there were no genuine issues of material fact for trial. During the hearing, the Debtors' attorney stated:

> On the material fact issue, I think we're in agreement. There is no material fact. Both of the complaints that are attached to Mr. Akerly's motion are substantially the same complaint. They both allege the same damage, denial of discharge, which was a distinctly post-petition event.

(Tr. of April 19, 2018 Hr'g 19:3-8, Adv.P. 14-00429 ECF No. 110.) The bankruptcy court agreed and found that there were no genuine issues of material fact for trial. The bankruptcy court concluded that the malpractice action belonged to the Debtors, not the bankruptcy estate, and entered judgment for the Debtors.

Section 541(a) of the Bankruptcy Code explains that, with few exceptions, the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." It is axiomatic that "[p]roperty interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55; 99 S. Ct. 914, (1979). It is equally as true that it is federal law, not state law, that determines when a debtor's property interest becomes property of the bankruptcy estate.

> State substantive law determines the "nature and extent" of causes of action, *see Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 461 (6th Cir. 2013), but federal bankruptcy law dictates when that property interest becomes property of the estate for purposes of § 541, *see In re Terwilliger's Catering Plus, Inc.*, 911 F.2d 1168, 1172 (6th Cir. 1990).

*Underhill*, 579 F. App'x at 482.

In *Underhill*, the bankruptcy court and Bankruptcy Appellate Panel looked at the factual allegations giving rise to a cause of action for tortious interference with a contract and held that the cause of action was "sufficiently rooted in the pre-bankruptcy past" such that the cause of action was property of the bankruptcy estate. *Underhill*, 579 F. App'x at 481. However, the Sixth Circuit Court of Appeals reversed, holding that: "[p]re-petition conduct or facts alone will

not 'root' a claim in the past; there must be a pre-petition violation.  [*Tyler*] at 462.  *That is, a cause of action qualifies as bankruptcy estate property only if the claimant suffered a pre-petition injury.*"  *Underhill*, 579 F. App'x at 482 (emphasis added) (citing *Tyler*, 736 F.3d at 462; *In re Witko*, 374 F.3d 1040, 1044 (11th Cir. 2004) (concluding that legal-malpractice claim belonged to the debtor because he "did not suffer any harm from the alleged legal malpractice prior to or contemporaneous with filing his bankruptcy petition")).

In the present case, the bankruptcy court provided a detailed review of when a legal malpractice claim arises under Tennessee law.  Both CJV's and the Debtors' malpractice complaints allege that the Malpractice Defendants were negligent in representing the Debtors both before and after the Debtors' bankruptcy filing, and that the Debtors *were injured by that negligence when their discharges in bankruptcy were denied.*  The bankruptcy court concluded that

> [n]either of the complaints describes a cause of action that could have been pursued by the Debtors prior to the filing of their bankruptcy petition. . . . The Debtors had no cause of action against the Malpractice Defendants at the commencement of their case, and their complaint is not administrative in nature. It is personal to them and is not property of the bankruptcy estate.

(Summary Judgment Order at 11.)

CJV argues that the bankruptcy court applied the incorrect standard of law in deciding when the cause of action arose.  It asserts that the bankruptcy court should have looked at when the conduct leading to the injury occurred as opposed to when the injury accrued under state law. It argues that if the bankruptcy court had done so, it would have determined that "the damage of the denial of discharge is 'sufficiently rooted' in the pre-bankruptcy 'conduct' of the Malpractice Defendants."  (Appellant's Br. at 11, BAP Case No. 18-8017 ECF 17.)

*Underhill* controls and binds the bankruptcy court and this Panel.  In *Underhill*, the Sixth Circuit rejected the concept that pre-petition conduct alone was sufficient to determine that a claim was sufficiently rooted to be considered property of the estate.  The Court of Appeals held that a pre-petition violation is required—"[t]hat is, a cause of action qualifies as bankruptcy estate property only if the claimant suffered a pre-petition injury."  *Underhill*, 579 F. App'x at 482-83 (citation omitted).  Here, the parties' malpractice complaints assert the same injury, the

denial of the Debtors' discharges.  Accordingly, there was no pre-petition injury, the malpractice cause of action arose post-petition and is not property of the bankruptcy estate.

In the alternative, CJV argues that "the Bankruptcy Court erred because [it] did not consider splitting the claims and stating that two separate and distinct causes of action exist, one in the pre-petition period and one in the post-petition period." (Appellant's Br. at 25, BAP Case No. 18-8017 ECF 17.)  The Panel finds no merit in this argument.  CJV's complaint does not state a cause of action for pre-petition malpractice based upon a cognizable pre-petition injury.  Rather, it states a cause of action that identifies the injury as the denial of the Debtors' discharges.  During oral argument, Appellant reiterated its position that the injury from the malpractice alleged in the complaint was the post-petition denial of discharge.  The complaint does not state two different causes of action.  As the Sixth Circuit explained in *Underhill*, because there was no pre-petition injury, the cause of action articulated in the complaint belongs to the Debtors and is not property of the bankruptcy estate.

## CONCLUSION

The Summary Judgment Order holding that the malpractice cause of action is not property of the bankruptcy estate and granting summary judgment to the Debtors is **AFFIRMED.**